Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

```
              FILED
    CLERK, U.S. DISTRICT COURT
          6/7/2022
  CENTRAL DISTRICT OF CALIFORNIA
  BY: _____NP_____ DEPUTY
```

FEE PAID

I/S

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>vs.<br><br>WARWICK SALES, INC, JACOB TANGY, and REBECCA VICKMAN,<br><br>    Defendants. | Case No.: 2:22-CV-03904-DSF(AGRx)<br><br>COMPLAINT FOR:<br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against Defendants Warwick Sales, Inc ("Warwick"), Jacob Tangy ("Tangy"), and Rebecca Vickman ("Vickman"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 1

**INTRODUCTION**

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to buy and/or sell homes, despite not having the required consent to contact Plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Warwick Sales, Inc ("Warwick") is a California Domestic Stock entity, located at 4221 Wilshire Blvd Ste 290-25, Los Angeles, CA 90010, with a registered agent of Jacob Tangy, located at the same address.

9. Defendant Jacob Tangy ("Tangy") is the Chief Executive Officer and Chief Financial Officer of Defendant Warwick, and is located at the same address as Warwick.

10. Defendant Rebecca Vickman ("Vickman") is the Secretary of Warwick, and is located at the same address as Warwick.

11. Defendants Tangy and Vickman owned, operated, and were officers, employees, and/or agents of Defendant Warwick. At all material times

referenced herein, they participated in the conduct that was directed at Plaintiff. The acts and omissions performed by Tangy and Vickman giving rise to liability in this matter occurred or were performed in this District.

12. Defendants are persons as defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

15. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

16. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

17. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 5

or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

21. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 64.1200(b).

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp.

2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## **FACTUAL ALLEGATIONS**

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

26. Plaintiff is the account holder and customary user of his phone number.

27. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

28. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

29. Defendants are in the business of buying homes from individuals using cash and then listing them on the market. Defendants engage in telemarketing activities which include the use of regulated technology such as automatic telephone dialing systems without consent from the caller.

30. **Call 1.** On November 11, 2021, at 6:33 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-576-7845. This call was answered and lasted six (6) minutes. This call was marked by Plaintiff's phone as "Scam Likely."

31. When Plaintiff picked up the phone during Call 1, he heard a beep, followed by a longer than natural pause, followed by an individual soliciting services to buy and sell properties.

32. Plaintiff alleges Call 1 was made using an Automatic Telephone Dialing System ("ATDS").

33. **Call 2.** On November 12, 2021, at 1:44 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

34. **Call 3.** On November 15, 2021, at 1:45 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

35. **Call 4.** On November 15, 2021, at 2:43 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

36. **Call 5.** On November 15, 2021, at 6:07 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

37. **Call 6.** On November 16, 2021, at 2:29 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

38. **Call 7.** On November 16, 2021, at 2:59 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. Plaintiff missed this call.

39. **Call 8.** On November 16, 2021, at 7:41 PM Chicago time, Plaintiff received a telephone call from Defendants, from 323-592-3215. This call was answered and lasted seven (7) minutes.

40. During Call 8, Defendants identified themselves as Warwick Sales, which is the indispensable party in this case. The caller during Call 8 identified himself as Jack Tangy, and provided a website of

1  http://redbridgeproperties.com. The caller during Call 8 identified himself as following up as a result of Call 1.

41. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, real estate.

42. To the extent Plaintiff provided consent to call further times during Call 1, Plaintiff limited that consent to solely one additional call.

43. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity. Defendant did not identify himself until Call 8.

44. Plaintiff requested Defendants provide a copy of their "Do Not Call" policy via e-mail on November 16, 2021.

45. As of this filing, Defendants have not provided their do not call policy.

46. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendants have failed to properly train the same.

47. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

48. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

49. Plaintiff did not have a prior business relationship with Defendants.

50. Defendants did not have any consent to call Plaintiff.

51. Defendants are not an organization exempt from the TCPA.

52. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

53. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

54. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

55. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

56. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

57. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

58. In total, Defendants and/or its affiliates placed at least eight (8) telephone solicitation calls to Plaintiff.

59. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

60. Defendants have a pattern and practice of failing to comply with the TCPA.

61. The foregoing acts and omissions were in violation of the TCPA.

62. Defendants are engaging in violations of the TCPA in order to get business.

63. Other Defendants may be named in this case following discovery, including for example any other individuals such as any other callers or entities who directed the unlawful conduct to be made.

64. Employees can be held liable in TCPA actions for unlawful conduct.

65. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

66. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each

and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

67. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

68. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

69. Plaintiff is also entitled to an award of costs.

70. Defendants' calls were not made for "emergency purposes."

71. Defendants' calls to Plaintiff were made without any prior express written consent.

72. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

73. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

74. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

75. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

76. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

77. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

78. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

79. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

80. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the

court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

81. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

82. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

83. Defendants called Plaintiff's telephone at least seven (7) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

84. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls describe=d above, in the amount of $500.00 for each of the seven (7) telephone calls.

85. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

  court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

### **COUNT 3.** Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

86. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

87. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

88. Defendants violated this provision during the telephone calls by not identifying itself adequately during the first call.

89. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for the one (1) call where a failure to properly identify was made.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 4.** Violation concerning written policies and training of personnel engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)

90. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

91. The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

92. The TCPA's implementing regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

93. Defendants violated these provisions by failing to provide training to personnel including the callers on the rules concerning disclosure of identity and the required consent.

94. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants for the violations described above, in the amount of $500.00 for the failure to train employees regarding the TCPA

and the same for failing to produce a copy of its do not call policy upon request.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $14,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B),

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C),

F. Statutory damages of $500 for a violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(4).

G. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

I. Leave to amend this Complaint to conform to the evidence presented at trial,

J. Any other relief this Court deems proper.

Respectfully submitted,

Dated: June 7, 2022

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 19